Hugh BROWNE, Appellant,

v.

Marie Elizabeth BROWNE, Appellee,

and

Roger Lee Hill, Intervenor.

No. 4650.

District of Columbia Court of Appeals.

Argued June 4, 1969.

Decided Dec. 2, 1969.

———◆———

Andrew W. Carroll, Washington, D. C., with whom Quentin W. Banks, Washington, D. C., was on the brief, for appellant.

Murray K. Josephson for appellee.

Armin U. Kuder, Washington, D. C., with whom Hyman Smollar, Washington, D. C., was on the brief, for intervenor.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

In an action in the Domestic Relations Branch of the trial court, appellant was awarded an absolute divorce from appellee on the ground of voluntary separation. Appellee was awarded the jointly owned house in which she resided, a money judgment of $3,800 for payments due under a separation agreement, and permanent alimony of $500 per month. This appeal challenges only the awards of the monetary judgment and of permanent alimony.[1]

After approximately two years of marriage the parties, on March 1, 1965, entered into a separation agreement under which appellant agreed to pay appellee $200 per month, plus any medical expenses incurred by her, and to defray the costs of maintaining the premises 4116 Meade Street, N.E., where she resided. This agreement was to be in effect as long as appellee did not remarry and remained chaste. Thereafter, on January 26, 1966, appellant brought an action for an absolute divorce on grounds of one year's voluntary separation, alleging that there were no property rights to be adjudicated. Though appellee admitted the voluntary separation, she asserted that there were property rights to be adjudicated and also cited the separation agreement.

During the pendency of this suit, appellant, a medical doctor, moved to require appellee to submit to a medical examination and for leave to examine certain hospital records. The motion was filed after a pharmacist contacted appellant for authorization to charge to his account two prescriptions for appellee. One drug was methergine and the other a narcotic; both, appellant deposed, prescribed primarily for use after an abortion. Appellant also learned that appellee was in the hospital and hemorrhaging profusely, allegedly a symptom of an imperfect abortion. Appel-

1. No error is assigned to the judgment in favor of intervenor Roger Lee Hill.

lee successfully opposed this motion by filing two affidavits from her attending physicians and one of her own, all stating that she had undergone a hysterectomy and all negating the possibility of an abortion.[2]

In February, 1967, appellant was permitted to file a supplemental complaint for an absolute divorce on grounds of adultery, adding Roger Lee Hill as a codefendant. Both defendants denied the claim of adultery, and appellee-wife counterclaimed asserting that appellant had failed to make payments under the separation agreement in the amount of $5,430.40 from May 1, 1966 to December, 1966, and to pay certain medical expenses.

At trial appellant sought to introduce evidence to substantiate his charge that appellee had undergone an abortion.[3] When he proffered appellee's complete hospital records, produced under subpoena, the trial court overruled appellee's claim of privilege but excluded, under the Federal Shop Book rule, all physicians' reports which concerned diagnosis or treatment. Slides of specimens allegedly taken from appellee's uterus were excluded because of a failure to show continuity in their preparation and possession. As a result, the hospital pathology report was not admitted and expert testimony of a pathologist based on the hospital records and slides not in evidence was also excluded. The exclusion of these items is assigned as error.

An employee of the Washington Hospital Center produced and identified appellee's medical records which included a pathology report and the slides upon which the report was purportedly based. Appellant then attempted to identify the slides as being of tissue taken from appellee's uterus at the time of the operation. Both the hospital employee and appellant's independent pathologist[4] could only assume as much because of the presence of the slides in appellee's file, marked with the same number as all other records. The attending pathologist of the Washington Hospital Center, who explained generally the procedure followed to correlate slides of tissues received from the operating room with a particular patient, also relied on the identifying number in testifying that the slides were sections of tissue taken from appellee.

It is our opinion that appellant's proof of identification was lacking in one significant respect; namely, the absence of testimony that a specimen of tissue was removed at the time of appellee's operation. Neither the attending physician nor the surgeon was called as a witness, and the attending pathologist of the Washington Hospital Center premised his identification of the slides on the assumption that a gross specimen of tissue was removed at the time of surgery, correctly labelled, and transmitted to the laboratory. This identification testimony was an essential part of appellant's proof that the slides were made in the regular course of business and therefore admissible in evidence. *Cf.* Gass v. United States, 135 U.S.App.D.C. ——, 416 F.2d 767 (decided January 29, 1969); Wheeler v. United States, 93 U.S.App.D.C. 159, 211 F.2d 19 (1953), cert. denied, 347 U. S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1954). Without it, the trial court properly excluded the slides from evidence, as well as the pathology report and testimony of the independent pathologist based on those slides.

We find that the record otherwise supports the trial court's award of payments due under the separation agreement as well as the award of permanent alimony.

Affirmed.

---

2. The court's ruling was that GS Rule 35 did not contemplate the examination of the residue of an operation, not shown to exist.

3. This evidence was to show that appellee had not remained chaste as required by the separation agreement in addition to reinforcing appellant's claim of adultery.

4. It appears that appellant's pathologist examined the hospital records prior to trial with permission of the court.